# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 14-CR-131-WBV-MBN |
| DELWIN MCLAREN | SECTION D (5) |

## ORDER AND REASONS

Before the Court is Defendant Delwin McLaren's Motion for New Trial.[1] The government has filed an Opposition.[2] After careful consideration of the parties' memoranda and the applicable law, the Motion is **DENIED**.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Defendant Delwin McLaren, along with co-defendants Lionel Allen, Jawan Fortia, Dedrick Keelen, and Bryan Scott, were charged in a 29-count Superseding Indictment alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") (Count 1), Conspiracy to Distribute Controlled Substances (Count 2), Conspiracy to Possess Firearms in Furtherance of a RICO Conspiracy and in Furtherance of a Drug Conspiracy (Count 3), Assault with a Dangerous Weapon in Aid of Racketeering (Counts 4, 6, 12, 15, 17, 19, 24, and 28), Use and Carrying of a Firearm During and In Relation to a Crime of Violence and a Drug Trafficking Crime (Counts 5, 7, 13, 14, 16, 18, 20, 25 and 29), Murder in Aid of

---

[1] R. Doc. 887.
[2] R. Doc. 892.

Racketeering (Counts 8, 10, 21, 22, and 26), and Causing Death Through the Use of a Firearm (Counts 9, 11, 23 and 27), Distribution of Controlled Substances (Counts 30 and 31).[3] Of that multi-count Superseding Indictment, Mr. McLaren was charged in two counts: Count 2, Conspiracy to Distribute Controlled Substances; and Count 3, Conspiracy to Possess Firearms in Furtherance of a RICO Conspiracy and in Furtherance of a Drug Conspiracy.

On September 13, 2015, Mr. McLaren filed a Motion to Sever, seeking to sever his trial from that of his co-defendants.[4] The Government filed an Opposition to the Motion on September 23, 2015.[5] In an Order and Reasons issued on October 15, 2015, this Court denied the Motion to Sever.[6] Mr. McLaren's trial, along with the trial of his co-defendants Lionel Allen, Jawan Fortia, Dedrick Keelen and Bryan Scott, took place from June 5, 2017 through June 19, 2017.[7] The jury returned a verdict of guilty as charged as to Mr. McLaren on both Count 2 and Count 3, the only counts in which he was charged.[8]

On July 3, 2017, defendants, Allen, Keelen, Fortia, McLaren and Scott filed a Motion For New Trial.[9] The Government filed an Opposition to the Motion for New Trial on August 4, 2017.[10] In an Order and Reasons dated August 16, 2017, this Court denied the Motion for New Trial.[11] In that prior Motion for New Trial, the defendants

---

[3] R. Doc. 308.
[4] R. Doc. 321 (and duplicated as R. Doc. 322).
[5] R. Doc. 344.
[6] R. Doc. 366.
[7] *See* R. Docs. 687, 688, 692-698, 702, 709.
[8] R. Docs. 709, 710.
[9] R. Doc. 720.
[10] R. Doc. 727.
[11] R. Doc. 729.

argued that there was insufficient evidence to support their convictions.[12] The defendants also argued that the government's case was premised on "simply the word of co-operators [sic] that linked the defendants."[13] In denying that Motion for New Trial, the Court relied upon Fifth Circuit precedent that has upheld convictions based upon uncorroborated testimony of an accomplice, "so long as the testimony is not incredible or otherwise insubstantial on its face."[14] The trial Court, having conducted the trial and assessed the credibility of the witnesses, explained that, "The Court does not view the trial testimony of Irian Dorsey, Shawn Gracin, Jacobi Boyd, and Passion Cobbins, among others, as incredible or insubstantial."[15] The Court further explained that, "[T]aken together, this testimony strongly depicted the defendants as members or associates of a brazen gang that leveraged gun violence and intimidation in pursuit of notoriety and drug profits, all the while endangering the residents of Central City and the Greater New Orleans community for a number of years."[16]

Following the denial of the Motion for New Trial, Mr. McLaren was sentenced on November 15, 2017, to a term of 192 months as to each count, with the sentences to be served concurrently, followed by five years of supervised release.[17]

---

[12] *See* R. Doc. 720-1, p. 2 ("Defendant urges this motion upon the grounds that insufficient evidence was presented to convict Lionel Allen, Dedrick Kelan [sic], Jawan Fortia, Bryan Scott, and Delwin McLaren on the above listed counts.").
[13] R. Doc. 720-1, p. 3.
[14] R. Doc. 729 at p.1 (quoting *United States v. Arledge*, 553 F.3d 881, 888 (5th Cir. 2008) (internal quotation and citation omitted)).
[15] R. Doc. 729 at p. 1.
[16] *Id*. at pp. 1-2.
[17] R. Docs. 811, 812.

Mr. McLaren filed the instant Motion for New Trial on February 19, 2019.[18] In his current Motion for New Trial, Mr. McLaren offers four grounds for his request for a new trial: (1) this Court failed to grant his Motion to Sever;[19] (2) this Court failed to grant his prior Motion for New Trial on the basis of insufficient evidence; (3) this Court failed to properly instruct the jury on leaving the conspiracy; and (4) this Court refused to grant a new trial or a directed verdict based on leaving the conspiracy.[20]

The Government opposes the Motion, pointing out that, "McLaren essentially re-urges his original motion for new trial," and that, "No mention is made of the alleged newly discovered evidence."[21] In light of the arguments put forth by Mr. McLaren, the Government argues that the instant Motion for New Trial is untimely and that, "these are issues that must be taken up on appeal and cannot be considered at this time."[22] Mr. McLaren did not file a reply to the Government's Opposition.

## II.     LAW AND ANALYSIS

At the outset, this Court notes that much of Mr. McLaren's instant Motion for New Trial was included in the prior Motion for New Trial that was filed on July 3, 2017, following his trial.[23] In addition to re-asserting his argument regarding insufficient evidence, which was raised in his original Motion for New Trial, Mr. McLaren also asks this Court to grant him a new trial based on this Court's alleged

---

[18] R. Doc. 887.
[19] *See* R. Doc. 321.
[20] R. Doc. 887, pp. 3,4.
[21] R. Doc. 892, p. 2.
[22] R. Doc. 892, p. 22.
[23] *See* R. Doc. 720.

errors in denying his Motion to Sever[24] and in failing to include a jury instruction on leaving the conspiracy.

The deadline for filing a motion requesting a new trial in a criminal case is governed by Federal Rule of Criminal Procedure 33(b). Rule 33(b) sets forth two time deadlines by which a motion for new trial must be filed:

> (1) Newly Discovered Evidence. Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty. If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case.
>
> (2) Other Grounds. Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty.

Here, Mr. McLaren has not sought a new trial on the basis of newly discovered evidence, pursuant to Fed. R. Crim. P. 33(b)(1). Instead, Mr. McLaren seeks a new trial based on his assertion that this Court committed certain errors, including denying his Motion to Sever, failing to properly instruct the jury on leaving a conspiracy, and failing to grant his first Motion for New Trial or a directed verdict based on leaving the conspiracy. Mr. McLaren also asserts that a new trial is warranted because there was insufficient evidence to support his conviction.

As previously discussed, Mr. McLaren was found guilty by a jury on June 19, 2017. A first Motion for New Trial was timely-filed on July 3, 2017, but was denied on August 16, 2017. This second Motion for New Trial was filed on February 19, 2019. Consistent with Fed. R. Crim. P. 33(b), the Court finds that this second Motion for New Trial is untimely.

---

[24] R. Doc. 321.

Even though the Court finds Mr. McLaren's Motion For New Trial untimely, the Court has conducted an extensive review of the trial transcript and all court pleadings in this matter. Having done so, the Court notes the following regarding Mr. McLaren's grounds asserted in the instant Motion.

Mr. McLaren first argues that this Court erred in denying his Motion to Sever. The Court has reviewed Mr. McLaren's Motion to Sever, the Government's Opposition thereto, and the Court's Order and Reasons denying that Motion.[25] In that Motion to Sever, Mr. McLaren argued that he should have been tried separately from his co-defendants since he was not named in the Count 1 RICO conspiracy and he was not alleged to be a participant in the substantive offenses charged. Further, and perhaps more importantly, Mr. McLaren argues that his Motion to Sever should have been granted because of the substantial risk of prejudice to him. Mr. McLaren asserts, both in his instant Motion for New Trial and in his Motion to Sever that, "Specifically, there is a great potential (1) for inadmissible evidence to be introduced at trial that will mistakenly be used by the jury against McLaren, and (2) for prejudicial and inflammatory evidence to be introduced at trial that is entirely irrelevant as to McLaren."[26] In its Opposition to the Motion to Sever, the Government cited *United States v. Perez*, 489 F.2d 51 (5th Cir. 1973), for its position that, "To obtain a severance under Rule 14, the movants have the burden of convincing the Court that without such drastic relief they will be unable to obtain a fair trial."[27] The Government

---

[25] R. Docs. 321, 334, 366.
[26] R. Doc. 887, p.14; R. Doc. 321-1, p. 6.
[27] R. Doc. 334, pp. 5-6.

further argued that, "To prevail on a severance motion, a defendant must show 'compelling, specific, and actual prejudice from [the] court's refusal to grant the motion to sever.'"[28]

This Court's thorough analysis in its October 15, 2015 Order and Reasons denying the Motion to Sever correctly begins with a preliminary inquiry of whether joinder was originally appropriate under Federal Rule of Criminal Procedure 8(b).[29] The Court relied on the Fifth Circuit Court of Appeal's decision in *United States v. Krout*, 66 F.3d 1420 (5th Cir. 1995), where the Fifth Circuit held that offenses which were part of a pattern of racketeering activity unified by the charge of an overarching RICO conspiracy satisfied the 'same series' requirement of Fed. R. Crim. P. 8(b).[30] In *Krout*, the Fifth Circuit further held that, "If an indictment charges RICO violations, offenses committed as part of the pattern of racketeering activity are properly joined even if the defendant objecting is not named in the RICO count."[31] The Fifth Circuit then noted, "Significantly, this court expressly decided that '[i]t is true that a RICO conspiracy count can provide the connexity between two otherwise unrelated conspiracies necessary to satisfy the requirements of Rule 8(b).'"[32] In denying Mr. McLaren's Motion to Sever, this Court conducted a close examination of the Superseding Indictment and concluded that the conspiracies charged were interrelated and that joinder was proper under Rule 8.

---

[28] R. Doc. 334, p. 6 (quoting *United States v. Driver*, 535 F.3d 424,427 (6th Cir. 2008).
[29] R. Doc. 366.
[30] R. Doc. 366, pp. 5-6.
[31] 66 F.3d at 1429 (citation omitted).
[32] *Id.* (quotation omitted).

In addition, Defendant McLaren argued that his case should have been severed due to the prejudicial effect of proceeding to trial with his co-defendants charged in the multi-count Superseding Indictment, especially since he was only charged in two of the counts. He further argued that there was great risk that evidence adduced at the trial concerning his co-defendants would spillover and influence the jury regarding his guilt. In its Order and Reasons denying the Motion to Sever, the trial Court concluded that Mr. McLaren had failed to convince the Court that joinder resulted in a risk of prejudice worthy of separate trials. The Court noted that, "While the district court must guard against undue influence, it need not protect conspirators from evidence of their confederates' acts in furtherance of their common aims."[33] On the contrary, the Court concluded that judicial economy substantially outweighed any risk of prejudice caused by joinder, and that "In light of the significant overlap in participants and underlying facts, trying these cases together reduces the potential for inconsistent verdicts and promotes efficiency by conserving taxpayer money, avoiding trial delays, and diminishing inconvenience to witnesses and public authorities."[34]

Upon review of Mr. McLaren's Motion to Sever, the Government's Opposition thereto, and this Court's Order and Reasons denying the Motion to Sever, the Court is convinced that the trial Court's prior reasoning was correct. The Court will further point out that, "A mere showing of some prejudice has usually been insufficient, for

---

[33] R. Doc. 366, pp. 9-10 (quoting *United States v. Jones*, 303 F.R.D. 279, 286 (E.D. La. 2014) (quoting *United States. v. Manges*, 110 F. 3d 1162, 1174-75 (5th Cir. 1997).
[34] R. Doc. 366, p. 9.

qualitatively it must be the most compelling prejudice against which the trial court will be unable to afford protection."[35] There is nothing in the record to establish that Mr. McLaren made a showing of any prejudice, much less the compelling prejudice required to be shown to warrant granting a severance. The Court has found no basis for Mr. McLaren's contention that the trial Court erred in denying his Motion to Sever.

Mr. McLaren also argues in his Second motion for a new trial that there was insufficient evidence to convict him. Mr. McLaren was charged in two counts: Conspiracy to Distribute Controlled Substances and Conspiracy to Possess Firearms in Furtherance of a RICO Conspiracy and in Furtherance of a Drug Conspiracy. A review of the trial transcript reveals numerous witnesses who testified that this defendant was part of the Young Melph Mafia gang, that he both possessed and sold drugs and that he was known to possess guns. Further, there was substantial testimony regarding the activities of the entire group composing the Young Melph Mafia, including their involvement in drug activity and in crimes of violence.[36] To quote from the Court's original Order and Reasons denying the defendant's first motion for new trial, "the Court does not view the trial testimony of Irian Dorsey, Shawn Gracin, Jacobi Boyd, and Passion Cobbins, among others, as incredible or insubstantial. Rather, taken together, this testimony strongly depicted the defendants as members of associates of a brazen gang that leveraged gun violence

---

[35] *United States v. Perez*, 489 F.2d 51, 65 (5th Cir. 1973).
[36] Trial transcript testimony of Deontre Hills, Shawn Gracin, Derrick Carter, Mark Rayfield, Chennie Smith, and Passion Cobbins, among others.

and intimidation in pursuit of notoriety and drug profits, all the while endangering the residents of Central city and the Grater New Orleans community for years."[37] Having reviewed the trial transcript, this Court agrees that there was sufficient evidence to convict this defendant.

Finally, Mr. McLaren argues that a new trial is warranted in this case because the trial Court failed to properly instruct the jury on leaving a conspiracy and then failed to grant Mr. McLaren's first Motion For New Trial/request for a directed verdict on leaving the conspiracy. Mr. McLaren argues that, "The court erred in failing to give adequate instructions on leaving the conspiracy, and erred in failing to give an adequate remedy for the jury's failure to rule that McLaren left the conspiracy."[38] The Court has reviewed the jury instructions given in this matter, both as provided in written form in the record, and by reviewing the actual transcript of the trial proceedings and has confirmed that the trial Court did, in fact, instruct the jury on withdrawing from a conspiracy. The specific written instruction can be found at R. Doc. 725, pp. 12-15, and the verbal instructions given to the jury can be found at R. Doc. 849, pp.119-120. The Court has also compared the verbal instruction given to the jury with the written instruction in the record and has confirmed that both are identical. Further, the Court has compared the instruction given by the trial Court to the Fifth Circuit Pattern Instruction No. 2.23, and notes that it, too, is identical to the charge verbally given to the jury in this case. Thus, the record is clear that the

---

[37] R. Doc. 729.
[38] R. Doc. 887, p. 21.

trial Court properly instructed the jury on the affirmative defense of leaving the conspiracy.

Although not a model of clarity, it appears that Mr. McLaren is also arguing that this Court erred in failing to instruct the jury that the jury charge regarding leaving the conspiracy applied only to Mr. McLaren. Mr. McLaren asserts, "The Court should have instructed the Jury that the charge on leaving the conspiracy relates to McLaren. Given the multitude of defendants and evidence presented that was irrelevant to any actions by McLaren, the Jury was likely confused and McLaren's actions in leaving the conspiracy lost."[39] Mr. McLaren offers no evidence and cites no legal authority to support his argument. The Court notes that all of the defendants were charged with conspiracies. As noted earlier, the trial Court properly instructed the jury as to the law regarding conspiracies and leaving the conspiracy. Since a review of the record reflects that many of the defendants were charged with conspiracies, it would have been inappropriate for this Court to instruct the jury that the jury charge regarding leaving a conspiracy related only to Mr. McLaren.

Accordingly, although the Court denies Mr. McLaren's Motion for New Trial as untimely, the court further finds that the Motion lacks merit, as there is no basis in law or in the record to support granting the Motion on the grounds asserted by Mr. McLaren.

---

[39] R. Doc. 887, pp. 18-19.

## III. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that Defendant Delwin McLaren's Motion For New Trial (R. Doc. 887) is **DENIED**.

New Orleans, Louisiana, this 24th day of January, 2020.

_____
WENDY B. VITTER
U.S. District Judge