UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 14-131 |
| DELWIN MCLAREN | SECTION: "P" (5) |

### ORDER AND REASONS

Before the Court is a Motion to Appoint Counsel (R. Doc. 1067) filed by Defendant Delwin McLaren, asking the Court to appoint counsel to represent him in an anticipated habeas petition pursuant to 28 U.S.C. § 2255.[1] For all the reasons that follow, the Court denies Mr. McLaren's motion.

### BACKGROUND

On June 19, 2017, a jury in this district convicted Mr. McLaren of drug trafficking conspiracy and conspiracy to possess firearms.[2] His conviction was affirmed by the Fifth Circuit on September 9, 2021,[3] and on March 7, 2022, the Supreme Court denied certiorari.[4] On May 22, 2023, while incarcerated in federal prison and acting *pro se*, Mr. McLaren filed the instant motion to appoint counsel. Mr. McLaren's motion asks this Court to appoint counsel to represent him in his habeas proceeding and references an "accompanying motion to reduce sentence" that he contends is not wholly without merit, thus supporting the appointment of counsel. Upon review of the record in this case, however, no motion to reduce Mr. McLaren's sentence has been filed.[5]

---

[1] Although Mr. McLaren cites to 18 U.S.C. § 2255 in his motion, it is clear he intended to cite to 28 U.S.C.§ 2255, the statute authorizing federal prisoners to move the court to vacate, set aside or correct their sentence under certain circumstances. *See* R. Doc. 1067.
[2] R. Doc. 710.
[3] *See United States v. McLaren*, 13 F.4th 386 (5th Cir. 2021).
[4] R. Doc. 1021.
[5] Mr. McLaren mailed a three-page document to the Clerk of Court in an envelope that is post-marked May 17, 2023. R. Doc. 1067. The first page, which bears the title "Motion to Appoint Counsel," is two paragraphs long, single-spaced, and takes up roughly half the page. The second page begins with a section "E" that is entitled "Argument," and contains arguments that appear more related to a claim to reduce his sentence than to support the appointment of

This action was transferred from Section D of this Court to Section P on June 8, 2023,[6] and on October 18, 2023, the Court ordered the Government to file a response to Mr. McLaren's motion.[7] In its response, the Government argues that, unlike defendants in criminal proceedings and prisoners directly appealing judgments in criminal cases as a matter of right, prisoners mounting collateral attacks on their convictions do not have a Sixth Amendment right to counsel.[8] And while the Court may appoint counsel to a "financially eligible person" seeking relief under 28 U.S.C. § 2255 when "the interests of justice so require," the Government contends that Mr. McLaren has not shown that his anticipated § 2255 motion warrants the appointment of counsel. Moreover, because of the Government's "uncertainty of the relief being sought, other than for the appointment of counsel," and its concern that Mr. McLaren might restrict his ability to seek future relief by triggering his "first" § 2255 motion with the instant motion, the Government describes its opposition as a "limited response" and reserves the opportunity for further briefing if the Court were to construe Mr. McLaren's instant motion as something more than a request to appoint counsel.[9]

## LAW AND ANALYSIS

As a general matter, there is no constitutional or statutory right to counsel beyond direct appeal.[10] A district court has discretion to appoint counsel in a § 2255 proceeding if it finds that doing so would be "in the interests of justice."[11] Here, Mr. McLaren has not instituted a § 2255

---

counsel. The Court is unsure if page 2 was sent in error because it appears page 2 could be part of another document that is not before the Court.
[6] R. Doc. 1075.
[7] R. Doc. 1105.
[8] R. Doc. 1126.
[9] *Id.* at 2.
[10] *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further.").
[11] 18 U.S.C. § 3006A(a)(2)(B); *See, e.g.*, *United States v. Nichols*, 30 F.3d 35, 36 (5th Cir. 1994) (affirming district court's denial of motion to appoint counsel when § 2255 petitioner merely alleged appointment would be in the interest of justice).

proceeding. While federal district courts may liberally construe *pro se* documents and may also construe certain pleadings, no matter how they are styled, as § 2255 motions,[12] the Court sees no reason to treat Mr. McLaren's Motion to Appoint Counsel as anything other than what Mr. McLaren styled it. In denying Mr. McLaren's motion, the Court takes no position and expresses no opinion on whether the requested relief might be granted in the future, if a § 2255 motion is filed. Mr. McLaren is free to seek appointment of counsel at that time. At present, however, there is no basis to appoint counsel for Mr. McLaren, and his motion must, therefore, be denied.

## CONCLUSION

For all the foregoing reasons, **IT IS ORDERED** that Defendant Delwin McLaren's Motion to Appoint Counsel (R. Doc. 1067) is **DENIED**.

New Orleans, Louisiana, this 6th day of February 2024.

*[signature]*

**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**

---

[12] *See United States v. Elam*, 930 F.3d 406, 409–10 (5th Cir. 2019).